1

2

3

4

5

6

7                UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10 DEBORAH WHEELER,         )   Case No. EDCV 06-196-JTL
                       )
11           Plaintiff,  )
                       )   MEMORANDUM OPINION AND ORDER
12        v.           )
                       )
13 JO ANNE B. BARNHART,    )
Commissioner of Social    )
14 Security,             )
                       )
15          Defendant.  )
    _____)

16

17                    **PROCEEDINGS**

18    On March 2, 2006, Deborah Wheeler ("plaintiff") filed a Complaint

19 seeking review of the Commissioner's denial of her application for

20 disability insurance benefits and supplemental security income. On

21 March 22, 2006, the parties filed a Consent to Proceed Before United

22 States Magistrate Judge Jennifer T. Lum. Thereafter, on August 30,

23 2006, defendant filed an Answer to Complaint. On November 9, 2006,

24 the parties filed their Joint Stipulation.

25    The matter is now ready for decision.

26 ///

27 ///

28 ///

**BACKGROUND**

On March 7, 2003, plaintiff filed applications for disability insurance benefits and supplemental security income. (Administrative Record ["AR"] at 79-81, 345-48). Plaintiff claimed that, beginning on September 1, 2000, headaches and a stiff and sore neck prevented her from working. (AR at 84). The Commissioner denied plaintiff's application for benefits initially and upon reconsideration. (AR at 25-26, 349, 31-34, 37-40). On December 18, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 41).

On February 8, 2005, the ALJ conducted a hearing in San Bernardino, California. (AR at 350-93). Plaintiff appeared at the hearing with counsel and testified. (AR at 355-58, 373-87). Samuel Landau, M.D., a medical expert, and Sandra Fioretti, a vocational expert, also testified. (AR at 359-73, 388-92).

On April 22, 2005, the ALJ issued his decision denying benefits. (AR at 12-21). Therein, he concluded that plaintiff suffered from a severe impairment of degenerative arthritis of the cervical spine, carpal tunnel syndrome, and obesity, but found that these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 20). While the ALJ determined that plaintiff could not perform her past relevant work, plaintiff maintained the residual functional capacity to perform basic work activities at the light exertional level. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 21).

///

///

1   Thereafter, plaintiff filed a timely request for review of the
2   ALJ's decision with the Appeals Council.  (AR at 7).  On January 24,
3   2006, the Appeals Council affirmed the ALJ's decision.  (AR at 4-6).
4
5                        **PLAINTIFF'S CONTENTIONS**
6   Plaintiff makes the following contentions in the parties' Joint
7   Stipulation:
8   1.   The ALJ failed to properly rate the functional limitations
9   resulting from plaintiff's mental impairment.
10  2.   The ALJ failed to pose a complete hypothetical to the
11  vocational expert.
12
13                         **STANDARD OF REVIEW**
14  This Court reviews the Commissioner's decision under 42 U.S.C. §
15  405(g) to determine whether the Commissioner's findings are supported
16  by substantial evidence and whether the proper legal standards were
17  applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).
18  Substantial evidence means "more than a mere scintilla" but less than
19  a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971);
20  Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76
21  (9th Cir. 1988).
22  Substantial evidence is "such relevant evidence as a reasonable
23  mind might accept as adequate to support a conclusion."  Richardson,
24  402 U.S. at 401.  This Court must review the record as a whole and
25  consider adverse as well as supporting evidence.  Green v. Heckler,
26  803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible
27  of more than one rational interpretation, the Commissioner's decision
28  ///

1    must be upheld.   Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.

2    1984).

3

4                              **DISCUSSION**

5    **A.    The Sequential Evaluation**

6        The Commissioner has established a five-step sequential process

7    for determining whether a claimant is disabled.    20 C.F.R. §§

8    404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42

9    (1987).    At step one, disability benefits are denied if the

10   Commissioner determines that the claimant is engaged in substantial

11   gainful activity.    Bowen, 482 U.S. at 140.    At step two, the

12   Commissioner evaluates whether the claimant has a medically severe

13   impairment which significantly limits his physical or mental ability

14   to do basic work activities.   Id. at 140-41.   Step three requires a

15   consideration of whether the claimant's impairment is equivalent to

16   one of a number of listed impairments that are so severe as to

17   preclude substantial gainful activity.   Id. at 141.   If the impediment

18   meets or equals one of the listed impairments, the claimant is

19   presumptively disabled.    Id.   If the impairment is not one that is

20   conclusively presumed to be disabling, step four of the evaluation

21   determines whether the impairment prevents the claimant from

22   performing work he has performed in the past.   Id.  If the claimant

23   cannot perform his past work, the fifth and final step determines

24   whether he is able to perform other work in the national economy in

25   light of his age, education and work experience.   Id. at 142.   The

26   claimant is entitled to disability benefits only if he is not able to

27   perform such work.   Id.

28   ///

                                     4

**B.    The ALJ'S Assessment of Plaintiff's Mental Impairment**

Plaintiff claims that the ALJ failed to properly rate the functional limitations resulting from plaintiff's mental impairment. Although the ALJ acknowledged that the record contained evidence of depression, the ALJ nonetheless found "no objective evidence of a mental disorder." (AR at 17). Plaintiff contends that the ALJ failed to properly consider the evidence in assessing plaintiff's mental impairment.

The Social Security Administration assigns an ALJ a duty to fully and fairly develop the record to assure that claimant's interests are considered. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The ALJ's duty is heightened where the claimant's ability to protect his or her interests may be adversely affected by a mental impairment. Bousquet v. Apfel, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. 2000) ("The ALJ's duty to develop the record is heightened when a claimant's ability to protect his or her interests is adversely affected by a mental impairment."); DeLorme, 924 F.2d at 849 ("In cases of mental impairments, this duty is especially important.") (citations and internal quotations omitted). Furthermore, the Ninth Circuit has found that under certain circumstances, a claimant's symptoms can implicitly raise an impairment that the claimant failed to explicitly raise, thereby triggering an ALJ's duty to develop the record on that impairment. In Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003).

Here, plaintiff contends that the record supports the existence of a mental impairment. First, plaintiff argues that her physicians noted she suffered from depression. For example, on November 13, 2002, treating records from Family Practice Associates note that

1   plaintiff suffered from depression and was taking Prozac. (AR at
2   234). On August 16, 2003, Manmohan Nayyar, M.D., a neurologist, noted
3   that plaintiff's past medical history indicated that she was
4   susceptible to depression. (AR at 278). Other physicians also
5   prescribed Prozac to plaintiff for her depression. (AR at 113, 234,
6   and 243). Despite the ALJ's decision stating that "there is no
7   objective evidence of a mental disorder," plaintiff argues that the
8   medical record contains reports that she cries frequently and suffers
9   from memory problems. (AR at 35, 377). Finally, plaintiff claims
10  that the ALJ erred in finding that she suffers from mental
11  limitations, but failing to make findings regarding the degree of her
12  limitations. As such, plaintiff contends that the ALJ's decision
13  should be reversed.

14       The Court finds that the ALJ fulfilled his duty to scrupulously
15  and conscientiously inquire into, and explore all the relevant facts.
16  As such, the Court finds that the ALJ fairly developed the record with
17  respect to plaintiff's mental impairments. See DeLorme, 924 F.2d at
18  849. Defendant contends that plaintiff did not allege any mental
19  impairments as a basis for disability benefits, never received any
20  mental health treatment, and was never assessed any cognitive
21  limitations. (Joint Stip. at 4). Indeed, with the exception of a
22  brief notation in the record that plaintiff suffers from depression
23  and that her past medical history indicates she is susceptible to
24  depression (AR at 234, 278), neither the plaintiff nor her physicians
25  referenced depression as a condition from which plaintiff was
26  suffering in records dating from October 3, 2000 through January 19,
27  2005 (AR at 168-343). At the hearing before the ALJ, plaintiff
28  testified extensively about her pain and her limitations but did not

1    state that she suffered from depression or any symptoms that supported
2    that finding.  (AR at 355, 58, 373-87).  Significantly, plaintiff's
3    counsel also failed to raise the issue of depression, despite his
4    opportunity to question plaintiff about her limitations.  (AR at 373-
5    87).

6         Furthermore, although plaintiff's medical records indicate that
7    she was prescribed Prozac for depression, such limited findings do not
8    establish an impairment.   The medical record shows that plaintiff was
9    prescribed Prozac for her depression on November 13, 2002 and November
10   18, 2002.  (AR at 234, 243).  In her application for disability filed
11   on or about March 7, 2003, plaintiff also reported taking Prozac.  (AR
12   at 113).  By January 19, 2005, however, plaintiff no longer reported
13   taking Prozac or any medications to treat mental impairments.  (AR at
14   316).  Plaintiff also did not report any symptoms of depression at the
15   February 8, 2005 hearing, even upon questioning by her counsel.  (AR
16   at 373-87).  Plaintiff responds that she reported in her Request for
17   Reconsideration that, "At times, my head hurts so bad all I can do is
18   sit and cry" and that she suffers from memory problems.  (AR at 35,
19   377).  This statement, even if credible, is not sufficient to support
20   a finding that plaintiff suffers from a mental disorder.   To the
21   extent plaintiff testified she suffered from memory problems, these
22   problems were a result of the pain medication she was taking and not
23   attributed to her mental condition.  (AR at 377).

24        Finally, plaintiff claims that the ALJ erred in finding that she
25   suffers from mental limitations but failed to make findings regarding
26   the degree of her limitations.  In his decision, the ALJ stated:

27              The   evidence   of   record   also   shows   that   the
28              claimant said she was susceptible to depression

(Exhibit 13F, p. 3).  A treatment note dated November 13, 2002, shows that the claimant reported her 25 year old daughter was in prison (Exhibit 7F, p. 20).  However, there is no objective evidence of a mental disorder.  **The claimant has mental limitations in activities of daily living, social functioning, or concentration, persistence or pace.**  She has not had extended episodes of decompensation.

(AR at 17) (emphasis added).  Defendant contends that the sentence should have read, "The claimant has *no* mental limitations in activities of daily living, social functioning, or concentration, persistence or pace." (Joint Stip. at 6).  It is clear from reading the entirety of the ALJ's decision that the ALJ had concluded that plaintiff was not suffering from any mental impairment.  Furthermore, the Court can find no evidence in the record, either from progress reports or physician evaluations, to support a finding of mental limitations in the areas of daily living, social functioning, and concentration, persistence, and pace.  Finally, the fact that the ALJ used the incorrect conjunction "or" when writing that plaintiff "has mental limitations in activities of daily living, social functioning, or concentration, persistence or pace" supports the conclusion that the ALJ inadvertently omitted the word "no" and intended to find that plaintiff had no mental limitations.  As such, the Court finds that the ALJ did not err in failing to make any findings with respect to the degree of plaintiff's mental limitations.

In sum, the Court finds that the ALJ properly considered the medical evidence in assessing plaintiff's mental impairment.

8

1   **C.   Hypothetical Posed to the Vocational Expert**

2        Plaintiff contends that the ALJ's failure to properly rate

3   plaintiff's mental impairments renders the hypothetical presented to

4   the vocational expert incomplete.   At the hearing, the hypothetical

5   presented to Ms. Fioretti, the vocational expert, only contained

6   physical limitations.  (AR at 389).   Plaintiff contends that given the

7   ALJ's alleged findings that plaintiff suffered from "mental limitations

8   in activities of daily living, social functioning, or concentration,

9   persistence or pace," the ALJ should have included such limitations in

10  the hypothetical presented to the vocational expert.

11       In order for a vocational expert's testimony to constitute

12  substantial evidence, the hypothetical question posed must "consider

13  all of the claimant's limitations."  Andrews v. Shalala, 53 F.3d 1035,

14  1044 (9th Cir. 1995).   While the ALJ need not include every alleged

15  impairment in his hypothetical, he must make specific findings

16  explaining his rationale for disbelieving any subjective complaints

17  that are not included.  Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.

18  1988); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

19       As previously discussed, the Court found no error in the ALJ's

20  evaluation of plaintiff's mental impairments and his finding that

21  plaintiff did not suffer from any mental impairment.   Furthermore, the

22  Court found that the medical records strongly support the conclusion

23  that the ALJ intended to find that plaintiff did not suffer from any

24  mental limitations.   Given the Court's findings, which were discussed

25  in detail in the prior section, the Court finds that the ALJ did not

26  err in presenting a hypothetical to the vocational expert.

27  ///

28  ///

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.   The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 19, 2007

_____/s/_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE